IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                       Plaintiff,

v.

RANDALL HEPP, GEORGE COOPER,
MARK SCHOMISCH, HOLLY MEIER,
MR. PAUH, and MR. OTTO,

                       Defendants.

OPINION & ORDER

15-cv-207-jdp

---

*Pro se* plaintiff Ryan Rozak, a prisoner in the custody of the Wisconsin Department of Corrections at the Fox Lake Correctional Institution, has filed a complaint alleging that he is not being given medically prescribed high-protein, high-calorie meals, and that prison officials are opening his legal mail. He has also filed a supplement stating that prison officials are retaliating against him for filing this lawsuit, as well as a motion for the court's assistance in recruiting him counsel, and a motion for temporary restraining order. Plaintiff seeks leave to proceed with his case *in forma pauperis*, and he has already made an initial partial payment of the filing fee previously determined by the court.

The next step is for the court to screen the complaint and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any *pro se* litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

After considering plaintiff's allegations, I will dismiss plaintiff's complaint for failure to comply with Federal Rules of Procedure 8 and 20, but I will give him an opportunity to

submit an amended complaint that more clearly explains the basis for his claims. Also, I will deny plaintiff's motion for appointment of counsel and motion for temporary restraining order without prejudice to his refiling them at a later date.

ALLEGATIONS OF FACT

Plaintiff Ryan Rozak is a prisoner in the custody of the Wisconsin Department of Corrections at the Fox Lake Correctional Institution. On September 21, 2013, plaintiff was placed on a high-protein, high-calorie diet with double meat portions and extra snack bag by a doctor because he was "under weight." On February 13, 2015, the "main kitchen took [the special diet] away from" plaintiff. Plaintiff's allergy to fish is noted in his medical file, yet he is still served fish on a regular basis (plaintiff seems to say that fish is served every Friday). This results in plaintiff going hungry. Plaintiff has submitted exhibits indicating that defendants Mr. Pauh and Mr. Otto (who work in the kitchen) were consulted by defendant institution complaint examiner George Cooper in Cooper's investigation of plaintiff's grievances. I understand plaintiff to be alleging that Cooper recommended denial of the grievances and defendant Warden Randall Hepp approved these recommendations.

Plaintiff also alleges that "they" have opened his legal mail without him being present, but plaintiff does not explain which of the named defendants are involved in these actions.

Plaintiff has submitted a supplement to the complaint, Dkt. 11, in which he states that he was denied a prison job because of this and another lawsuit he has filed against prison officials. He also states that various officials are harassing him, although he does not explain in detail what form this harassment takes.

2

ANALYSIS

A. Plaintiff's allegations

I understand plaintiff to be bringing a claim under the Eighth Amendment, which prohibits cruel and unusual punishment, for being denied medically prescribed high-protein, high-calorie meals. Plaintiff's allegations regarding this claim are easy to understand and he has named defendants (Hepp, Cooper, Pauh, and Otto) involved in this deprivation. Plaintiff alleges that various prison officials are retaliating against him for filing this and another lawsuit. Plaintiff also includes allegations about his mail being opened, but he does not explain how these events are related to claim about his meals, nor does he explain which prison officials participated in this alleged deprivation.

Taking all of his allegations together, plaintiff's complaint violates the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Plaintiff's allegations about his meals are understandable, but his allegations regarding legal mail does not include the names of the prison officials who took action against him. Some of plaintiff's allegations about retaliatory harassment are understandable (for instance his allegation that he was denied a prison job) but much of what he says is conclusory and does not explain what each named defendant did to retaliate against him and how it was connected to his lawsuits. He also names various prison officials in his supplement regarding retaliation, but many of these officials are not

named as defendants in the caption of his complaint, which is necessary to bring claims against them.

Plaintiff's complaint also appears to violate Federal Rule of Civil Procedure 20. Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). If the prison officials who opened plaintiff's mail are different from those involved in denying him meals, he will not be able to pursue both sets of claims in one lawsuit.

Therefore, I will dismiss the complaint, at least as it is presently structured. Plaintiff should submit an amended complaint, explaining his allegations as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. He should state the facts of what actually happened rather than make broad allegations to the effect that his rights were violated without explaining exactly how he thinks his rights were violated. He should also name as a defendant in the caption each prison official against whom he wishes to bring claims.

B.  Recruitment of counsel

Plaintiff has filed a motion for the court's assistance in recruiting him counsel. Dkt. 9. To show that it is appropriate for the court to recruit counsel, plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if

4

the indigent [person] has made reasonable efforts to retain counsel and was unsuccessful or that the indigent [person] was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Plaintiff has provided several such letters.

Second, this court will seek to recruit counsel for a *pro se* litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). I have not yet allowed plaintiff to proceed with any claims, which usually means that it is too early in the case to tell whether counsel is needed. The task of submitting an amended complaint should not be beyond plaintiff's capabilities. Further, even if plaintiff submits an amended complaint that states claims that can proceed in this court, the case has not passed the relatively early stage in which a defendant may file a motion for summary judgment based on exhaustion of administrative remedies, which often ends up in dismissal of cases such as plaintiff's before they advance deep into the discovery stage of the litigation. Should the case pass the exhaustion stage and plaintiff believes that he is unable to litigate the suit himself, he may renew his motion.

C. Preliminary injunctive relief

Plaintiff has also submitted a motion for temporary restraining order, Dkt. 12, in which he states that he is being "bullied" by guards and fears being sent to segregation. Plaintiff has not yet been allowed to proceed on any of his claims, which would be reason enough to deny the motion. Even if I were to consider this filing as a properly filed motion for temporary restraining order under Federal Rule of Civil Procedure 65(b), plaintiff falls far

short of showing that this is one of the extremely rare situations in which the court would issue an *ex parte* restraining order changing the status quo of a prisoner's treatment. *See Granny Goose Foods, Inc. v. Bhd of Teamsters*, 415 U.S. 423, 439 (1974) (issuance of temporary restraining orders is generally "restricted to . . . preserving the status quo"); *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1979) (While "there may be situations justifying a mandatory temporary injunction compelling the defendant to take affirmative action, . . . mandatory preliminary writs are ordinarily cautiously viewed and sparingly issued.").

If I were to consider plaintiff's motion as one for preliminary injunctive relief under Rule 65(a), the motion does not comply with this court's procedures to be followed on motions for injunctive relief. Under these procedures, a plaintiff must file with the court and serve on defendants proposed findings of fact supporting his claim, along with any evidence he has to support those findings and his request for relief. I will deny the motion without prejudice to plaintiff renewing it at a later time. If plaintiff does choose to renew his motion, he will need to explain in much more detail why he believes he is in danger, and how that danger relates to the claims in this lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan Rozak's complaint, Dkt. 1 and 11, is DISMISSED for failure to comply with Federal Rules of Civil Procedure 8 and 20. Plaintiff may have until October 20, 2015, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

2. Plaintiff's motion for the court's assistance in recruiting counsel, Dkt. 9, is DENIED without prejudice to plaintiff renewing his motion later in the proceedings.

3. Plaintiff's motion for a temporary restraining order, Dkt. 12, is DENIED without prejudice.

Entered September 30, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge
