IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                Plaintiff,

  v.                                                ORDER

RANDALL HEPP, GEORGE COOPER,              15-cv-207-jdp
MR. PAUH, and MR. OTTO,

                Defendants.

---

Pro se plaintiff Ryan Rozak, a prisoner in the custody of the Wisconsin Department of Corrections at the Fox Lake Correctional Institution, is proceeding on claims that defendant prison officials are denying him medically prescribed high-protein, high-calorie meals. Defendants have filed a motion for summary judgment based on Rozak's failure to exhaust his administrative remedies. Because the only inmate grievances that arguably exhaust Rozak's claims postdate the filing of this case, I will grant defendants' motion and dismiss this case. But I will give Rozak an opportunity to open a brand-new case that would meet the exhaustion requirement.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537-38 (7th

Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Defendants contend that Rozak failed to exhaust his claims, because he failed to fully exhaust the first grievance he brought about his diet, No. FLCI-2013-19415. Rozak filed this grievance, but after it was dismissed by the warden, he did not appeal the dismissal.

Rozak initially argues that the warden violated prison regulations by taking more than 30 working days to issue the dismissal. In the right circumstances, prison officials' failure to comply with prison regulations might throw such a wrench into the works that the prisoner no longer knows what to do, rendering his administrative remedies effectively "unavailable," and the exhaustion requirement would no longer apply. But that is not the case here. Rozak *did* receive the dismissal order, he just received it a couple days late. He could have filed an appeal from that dismissal but chose not to. And, as defendants point out, situations like these are already taken into account in the regulations. Under Wisconsin Administrative Code § 310.12(3), a prisoner may directly appeal the grievance if he fails to receive a decision within

30 working days. Rozak could have appealed the grievance under this provision even before receiving the dismissal, but he did not.

Because Rozak did not pursue this grievance all the way through the four-step DOC process, the grievance does not exhaust his claims. Rozak appears to recognize this, because later in his brief, he disavows the 2013 grievance as the source of his exhaustion, and instead states that he exhausted his claims through two later grievances: "2015-3156" and "2016-16874." Dkt. 31, at 1. Defendants provide copies of both of these fully exhausted grievances. These grievances appear to discuss at least portions of the claims Rozak brings in this lawsuit, but they do not meet the exhaustion requirement for any claim because the grievances were not fully litigated until *after* Rozak brought this lawsuit. He filed this case on April 6, 2015, but the '3156 grievance was not fully exhausted until May 2015, *see* Dkt. 33-1, and the '16874 grievance was not fully exhausted until November 2016. Because Rozak did not fully exhaust his grievances by the time he filed his complaint, this lawsuit must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (holding that a lawsuit must be dismissed "even if the plaintiff exhausts his administrative remedies while the litigation is pending").

But because at least portions of the lawsuit appear to be exhausted at this point, Rozak is free to bring a brand-new complaint about those claims. *Id*. at 401 ("[I]f the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision."). I will give him that choice now.

I will give Rozak a short time to state whether he would like to have his current operative pleading (the amended complaint, Dkt. 16) opened as a brand-new lawsuit. This is not a risk-

or expense-free proposition. Portions of his claims may still be unexhausted by his 2015 and 2016 grievances (I will leave that issue for the parties to brief if Rozak agrees to a new lawsuit). Also, he will be on the hook for a new filing fee for his new lawsuit. I assume he would seek *in forma pauperis* status in a new lawsuit, so if he chooses to have his amended complaint opened into a new lawsuit, he should also submit a trust fund account statement covering late October 2016 to the present date.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff Ryan Rozak's failure to exhaust administrative remedies, Dkt. 27, is GRANTED. This case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment for defendants and close this case.

3. Plaintiff may have until May 16, 2017, to respond to this order, explaining whether he would like to open a brand-new lawsuit using the operative pleading from this case. If he chooses to bring a new lawsuit, he may have until May 16 to submit a prison trust fund account statement.

Entered April 25, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge