IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

    Plaintiff,

v.

RANDALL HEPP, GEORGE COOPER,
MR. PAUH, and MR. OTTO,

    Defendants.

ORDER

15-cv-207-jdp

---

Pro se plaintiff Ryan Rozak, a prisoner at the Fox Lake Correctional Institution, brought this case alleging that defendant prison officials are denying him medically prescribed high-protein, high-calorie meals. I granted defendants' motion for summary judgment based on Rozak's failure to exhaust his administrative remedies, but noted that Rozak had litigated inmate grievances arguably exhausting his claims *after* the filing of this case. I gave him a chance to explain whether he would like to open a brand-new case using the operative complaint from this case.

Rozak has responded by suggesting that he would like to bring a brand-new lawsuit, but that he cannot "afford to pay another $350.00 to start a brand new lawsuit," in part because fees from various cases now consume all of his income. Dkt. 56. I take him to be saying that he wants the court to close this case to free up funds, or alternately to have funds deducted from his release account. *Id*.

From his response, I am unsure whether Rozak understands the options available to him at this point. I will give him a chance to clarify his intentions after giving him some more information.

If Rozak seeks to close this specific case (15-cv-207), that issue is moot because the case was already closed after I granted summary judgment to defendants. But closing the case does not end Rozak's responsibility to pay the filing fee; he is still on the hook for the remaining balance. The same holds true for any other filing fees he has alluded to in his filing.

But the fact that all of his current income is being taken to pay off filing fees does not mean he is forbidden from filing a new lawsuit. When a prisoner's general account has insufficient funds to pay an initial partial filing fee payment, this court will order an institution to use release account funds to satisfy that initial partial fee payment. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005). The court will not order the state to use Rozak's release account to pay any of his other fees or debts, but it would allow him to use his release account funds to make an initial payment should he choose to open a brand-new lawsuit with his old complaint. Of course, ultimately he would be responsible for the whole filing fee for a new case, but he would be able to start the lawsuit with a smaller partial payment.

So he has a choice: he can choose to have the court open up a brand-new lawsuit using his operative complaint from this case, or he can walk away from this litigation. I will give him a short time to inform the court of his choice. Should Rozak choose to import his old complaint into a brand-new lawsuit, he should also (1) submit a copy of the last six months of his trust fund account information so that the court may calculate an initial partial payment of the filing fee; and (2) submit a supplement to his complaint setting out any further treatment or lack thereof taking place after the filing of his operative complaint.

ORDER

IT IS ORDERED that plaintiff Ryan Rozak may have until January 2, 2018, to respond to this order.

Entered December 14, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge